FILED
2010 Sep-30 AM 09:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: |
| ) | |
| WILCOHESS, LLC ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, female, and to provide appropriate relief to Latonya Nash and a class of similarly situated female employees, who were adversely affected by such practices.

As alleged with greater particularity in paragraphs six (6) through eleven (11) below, the Equal Employment Opportunity Commission alleges that WilcoHess LLC discriminated against former employee Latonya Nash and a class of similarly situated female employees at Defendant's Cottondale, Alabama facility, by subjecting them to a sexually harassment between 2004 and 2007.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §§706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f) (1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful herein were committed within the jurisdiction of the United States District Court for the Northern District of Alabama, Western Division.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission (the "Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by §§ 706(f)(1) and (f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(1)and (f)(3).

4. At all relevant times, the Defendant, WilcoHess LLC ("Defendant" or "WilcoHess") has continuously been a Delaware corporation doing business in the State of Alabama and the City of Cottondale, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer

## **STATEMENT OF CLAIMS**

6.      More than thirty days prior to the institution of this lawsuit, Latonya Nash ("Nash") filed a charge with the Commission alleging violations of Title VII by Defendant WilcoHess.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least April 2004, and on a continuing basis through and including August 2007, Defendant WilcoHess engaged in unlawful employment practices at its Cottondale, Alabama facility, in violation of 42 U.S.C. § 2000e-2(a).

8.      Specifically, WilcoHess subjected Latonya Nash and a class of similarly situated female employees who worked at the Cottondale, Alabama facility between 2004 and 2007, to sexual harassment by a senior WilcoHess official.

9.      The unlawful sexual harassment was unwelcome and occurred with the full knowledge of supervisory personnel and includes, but is not limited to, the following conduct:

   a. Defendant's manager regularly invited Nash and other female employees to his hotel room, and would ask them to bring a

    b. Defendant's manager routinely volunteered to female employees descriptions of his sex acts with his wife, including details about where they had sex and who else participated; and

    c. Defendant's manager regularly leered at female employees, made sexually offensive comments and statements to them, and propositioned them for sex.

    d. Defendant's manager sexually touched and groped female employees.

10. Defendant's employees complained to Defendant's local management and other WilcoHess officials about the inappropriate and unwanted sexual conduct, but no action was taken and the conduct persisted.

11. Despite notice of the sexual harassment, Defendant failed to exercise reasonable care to prevent and/or correct promptly the sexual misconduct. .

12. The effect of the practices complained of in paragraphs six (6) through eleven (11) above has been to deprive Latonya Nash and a class of similarly situated female employees who worked at the Cottondale, Alabama facility between 2004 and 2007, of equal employment opportunities and otherwise adversely impact their status as employees because of their sex, female.

13. The unlawful employment practices complained of in paragraphs six (6)

through eleven (11) above were intentional.

14. The unlawful employment practices complained of in paragraphs six (6) through eleven (11) above were done with malice and/or with reckless indifference to the federally protected rights of Latonya Nash and a class of similarly situated female employees who worked at the Cottondale, Alabama facility between 2004 and 2007.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant WilcoHess, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in sexual harassment of or any other employment practices which discriminate on the basis of sex.

B. Order Defendant WilcoHess to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant WilcoHess to make whole Latonya Nash and a class of similarly situated female employees who worked at the Cottondale, Alabama facility between 2004 and 2007, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices

described in paragraphs six (6) through eleven (11) above, including any medical or mental health expenses, and other out-of-pocket expenses, in amounts to be determined at trial.

  E. Order Defendant WilcoHess to make whole Latonya Nash and a class of similarly situated female employees who worked at the Cottondale, Alabama facility between 2004 and 2007, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of in paragraphs six (6) through (11) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

  F. Order Defendant WilcoHess to pay Latonya Nash and a class of similarly situated female employees who worked at the Cottondale, Alabama facility between 2004 and 2007, punitive damages for its malicious and reckless conduct described in paragraphs six (6) through eleven (11) above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U. S. Equal Employment
Opportunity Commission
131 M Street, N.E.
Washington, D.C.  20507

C. EMANUEL SMITH
Regional Attorney
Mississippi Bar # 7473

*/s/ Julie Bean*
JULIE BEAN
Supervisory Trial Attorney
D.C. Bar # 433292

Equal Employment Opportunity
Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL  35205
(205) 212-2045
(205) 212-2041
