FILED
2013 Sep-19 PM 01:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| WILCOHESS, LLC, | ) ) |
| Defendant. | ) Civil Action No. ) 2:10-CV-02628-MHH ) |

## ORDER

The Equal Employment Opportunity Commission (the "EEOC" or the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleges *inter alia* that Latonya Nash and a class of female employees ("Aggrieved Employees") were sexually harassed and subjected to a hostile work environment because of their sex, female, while working for Defendant WilcoHess, LLC ("Defendant" or "WilcoHess"). Defendant has denied all material allegations and liability in this matter.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Commission's Complaint without the burden, expense, and delay of further litigation, and that

this Consent Decree ("Decree") is being entered into as part of a compromise of a disputed claim.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action and (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Decree.

**It is therefore ORDERED, ADJUDGED AND DECREED as follows:**

1. The terms of this Consent Decree are adequate, fair, reasonable, equitable and just.

2. This Consent Decree conforms with the Federal Rules of Civil Procedure and is not in derogation of the rights or privileges of any person. The entry of this Consent Decree will further the objectives of Title VII and will be in the best interests of the Parties, those for whom EEOC seeks relief, and the public.

3. This Consent Decree is entered into by the EEOC and WilcoHess. This Consent Decree, and its terms, shall be final and binding on the EEOC and WilcoHess, including its present and future representatives, agents, directors, officers, assigns and successors and all persons in active concert or participation with it.

4. This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Case No.: 2:10-CV-02628. This Consent Decree shall fully and finally resolve all Title VII claims contained in, or arising out of, Latonya Nash's Charge of Discrimination, Charge No. 420-2008-00645. This Consent Decree, including any monetary settlement or disbursement made pursuant to it, does not affect any other administrative charges which may be pending with the EEOC, or any other cases pending in this or any other court.

5. This Consent Decree shall be filed in the United States District Court for the Northern District of Alabama, and shall be in effect for forty-eight (48) months from the date this Consent Decree is entered by the Court.

6. The Parties agree that this Court shall retain jurisdiction over this case in order to enforce the terms of this Consent Decree.

7. This Consent Decree, including all of its injunctive terms, shall apply to WilcoHess' Wendy's restaurant (Store 5901) and Travel Plaza (Store 5501) in Tuscaloosa, Alabama, and such other restaurants and stores as WilcoHess may operate in the state of Alabama during the term of this Consent Decree.

8. Defendant shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII.

9. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

10. **Compensation.**  Defendant shall create a settlement fund for distribution to the "Eligible Claimants" in the aggregate sum of two hundred fifteen thousand dollars ($215,000.00) to be disbursed as alleged compensatory damages among all "Eligible Claimants" in accordance with paragraph 11 below. The $215,000.00 payment shall be allocated and disbursed among LaTonya Nash and the "Eligible Claimants," subject to an IRS Form 1099, in settlement of the claims raised in this action.  The EEOC shall be the sole determiner of the monetary amount to be allocated to "Eligible Claimants" from the monetary settlement.  The term "Eligible Claimant(s)" is defined as a WilcoHess past or present employee who the Commission determines suffered

damages as a consequence of the events alleged in the instant Complaint of discrimination, and is entitled to receive a monetary payment from the monetary settlement.

11. Within ten (10) days of the entry of this Consent Decree, the EEOC will provide WilcoHess with a confidential list of Eligible Claimants containing the name, mailing address, dates of birth, and social security numbers of each Eligible Claimant, as well as the gross amount allocated for each Eligible Claimant.  After receiving this list, WilcoHess will within ten (10) calendar days thereafter cause to be mailed to each Claimant at the address provided a release of all claims asserted under Title VII and any IRS documents (e.g. IRS Form W-9) required to be completed for payment to be made.  Upon receipt of these documents from each claimant, WilcoHess will within thirty (30) days thereafter cause payment by check to be mailed to each Claimant at the address provided in the list in the gross amount identified on the list as payable for that claimant.  At the time payment is made, WilcoHess shall provide the Commission with photocopies of each disbursed checks.

12. As further condition of this settlement, Defendant shall prepare a release and forward it directly to the Eligible Claimants. Any specific Eligible Claimant who returns the executed release and any required tax documents shall receive payment in accordance with paragraph eleven (11) above.  All Claimants will be afforded the opportunity to seek legal advice prior to signing the separate settlement and release agreement.

13. The $215,000.00 in settlement monies constitute alleged "compensatory damages" under the Civil Rights Act of 1991, 42 U.S.C. §1981a.  No withholdings shall be made from any monies disbursed to Eligible Claimants.  WilcoHess shall report on IRS Form 1099 all monetary payments to the "Eligible Claimants" who receive monies from WilcoHess as a result of this Consent Decree.

14.     **Remainder of the Settlement Funds.**  In the event that any amount of the settlement payment designated for any of the Eligible Claimants has not been distributed as required by this Consent Decree for any reason after a period of one year from the date of entry of such Decree by the Court, WilcoHess shall so notify the EEOC and donate such undistributed or unclaimed portion to a non-profit organization selected by the EEOC that serves to benefit women's workplace interests.

15.     **Policy and Procedures.**  Within thirty (30) calendar days of this Decree being entered, Defendant shall distribute to its current employees an effective anti-harassment policy.  This policy and any subsequent revisions shall also be included in the new hire packet for future employees. WilcoHess represents to the Commission that it revised its policy against sexual harassment during the pendency of this lawsuit during 2010 to help ensure a workplace free of harassment, and that it has already distributed the new policy to all current employees.  The Commission expresses no opinion regarding the policy revisions, but expects that any policy in place accomplishes the stated objective of helping to ensure a workplace free of harassment.

16.     Within seventy-five (75) calendar days after this Decree is entered, Defendant shall report compliance with paragraph 15 to the Commission.

17.     **Policy Posting.**  During the term of this Decree, Defendant shall post a copy of its revised policy described in paragraph 15 above.

18.     Such posting shall be in each of its retail facilities as well as its corporate offices, and shall be located in a place where it is visible to employees.  Such posting shall occur within fourteen (14) calendar days after the Decree is entered by the Court and the policy is adopted. Within ten (10) calendar days after such posting Defendant shall notify the Commission that it

has occurred.  If any such posted policy becomes defaced or unreadable, Defendant shall promptly replace it by posting another copy of the policy.

19.     **Training.**  During the term of this Decree, Defendant shall provide annual training program to all of its management and hourly employees who are employed at WilcoHess' Wendy's restaurant (Store 5901), Travel Plaza (Store 5501) and  such other restaurants and stores as WilcoHess may operate in the state of Alabama during the term of this Consent Decree.

20.     Each training program shall last approximately one hour for management and 30 minutes for hourly employees, and shall include an explanation of the requirements of Title VII and its prohibition against sexual harassment.  Each training program shall also include an explanation of Defendant's harassment policy and reporting procedures referenced above in paragraph 15, and an explanation of the rights and responsibilities of hourly employees and managers under the policy.  The training program for management shall be interactive and shall at least include specific examples of harassment, appropriate management responses to same, how to recognize and address actual or potential harassment even in the absence of a formal complaint, how to report any such complaint or recognition to Defendant's Human Resources Department, and how to participate in an investigation of same as appropriate under Defendant's harassment policy and management procedures.

21.     The training program for hourly employees shall be conducted either in person by a trainer, or by video, digital or Internet-based recording, and shall also include a written series of questions that the employee must answer in order to help demonstrate that the training has been conducted and its primary lessons understood.  Such training shall at least explain what sexual harassment is or may be in the workplace, how it is prohibited and will not be tolerated at WilcoHess, how to recognize and report harassment under Defendant's harassment policy, what

prompt remedial action may consist of when harassment or any other violation of such policy is determined, how retaliation for reporting harassment or participating in a harassment investigation is prohibited, and the confidential nature of reporting harassment.

22.     The first such training program for management shall be completed within one hundred eighty (180) calendar days after entry of the Decree by the Court.  Each subsequent training program shall be conducted at approximately twelve (12) month intervals.  At least fifteen (15) calendar days prior to each program, Defendant shall provide the Commission with an agenda for the training program.  Within ten (10) business days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all management employees in attendance. Upon prior notice of at least three (3) business days, a representative of the EEOC's Birmingham District Office shall be allowed entry into any of the training locations for the purpose of observing.

23.     The training program for hourly employees shall be conducted as follows:  (1) for newly hired employees, as part of their new-hire orientation or, at the latest, within thirty (30) assigned work days after being hired and starting active employment; and (2) for current employees, annually in accordance with paragraphs 19-20 above.

24.     A written record shall be kept of the name, job position and training date of all managers and hourly employees trained under the requirements of  paragraphs 19-23, and such names shall be submitted to the Commission once  a year  during the term of this Decree.

25.     **Consent Decree Notice Posting.**  Beginning within thirty (30) calendar days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Attachment A, hereby made a

part of this Decree, in each of its above-mentioned store locations in Alabama. If a Notice becomes defaced or unreadable, Defendant shall promptly replace it by posting another copy of the Notice. Within forty-five (45) calendar days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

26. **Continued Reporting to the Commission.** During the term of this Consent Decree, Defendant WilcoHess shall submit to the attention of the Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, 1130 – 22nd Street South, Suite 2000, Birmingham, Alabama 35205 every 180 days following the effective date of the Consent Decree, a report containing the following:

> (1) the name(s) of all Store employees who filed complaints of, or reported, sexual harassment;
>
> (2) the supervisor, manager or HR person to whom the complaint, or report, of sexual harassment was made;
>
> (3) the date the complaint or report first was made, and the date the complaint or report was received by WilcoHess;
>
> (4) a factual description of the alleged underlying conduct, including whether the alleged harasser was a supervisor, manager or co-worker;
>
> (5) a statement that WilcoHess, LLC was/was not aware of any prior allegations of sexual harassment by the accused harasser, or reports or allegations of sexual harassment by the accused harasser;
>
> (6) whether the investigation is still pending, or concluded;
>
> (7) if concluded, WilcoHess, LLC's' findings and a description of any personnel (i.e, disciplinary, corrective, performance evaluation) or training action taken in response to the allegation and/or the finding.

The report to the Regional Attorney should be signed and affirmed by the Vice President of Operations or the Director of Operations.

> a. If WilcoHess, LLC is unaware of any sexual misconduct, or any reports or allegations of sexual misconduct, by the alleged harasser such that there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity it should so state.

      b.      The WilcoHess stores that are subject to this reporting requirement include the above-mentioned store locations in Alabama.

27.      The Commission may review compliance with this Decree.  As part of such review, the Commission may inspect Defendant's stores or other facilities, interview employees and examine and copy documents upon providing at least five (5) business days advanced notice to Defendant.  The Commission shall provide notice required pursuant to this paragraph by telephone or e-mail directed to Michele Norwood, Vice President of Human Resources, at (336) 744-3817, norwoodm@wilcousa.com, or her designee.  The Commission shall also in good faith attempt to schedule any such inspection on such days and at such times that are mutually convenient to the parties and which do not unreasonably interfere with or interrupt Defendant's business operations.

28.      If at any time during the term of this Decree, the Commission believes that the Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to the Defendant.  The Defendant shall have ten (10) business days in which to investigate and respond to the allegations.  Thereafter, the Commission and the Defendant shall have a period of ten (10) business days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

29.      The term of this Decree shall be for four (4) years after its entry by the Court.

30.      All reports or other documents sent to the Commission by Defendants pursuant to this Decree shall be sent to:  Regional Attorney, EEOC Birmingham District Office, Ridge Park Place, Suite 2000, 1130 – 22nd Street South, Birmingham, AL 35205.

31.      Each party shall bear its own costs and attorneys' fees of the above-mentioned civil action.

32. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. The Decree shall expire by its own terms at the end of four (4) years without further action by the parties. However, the Defendant may seek agreement from the EEOC to terminate this decree after the first thirty-six (36) months by demonstrating that it has in place, an effective "Anti-Harassment" policy and that it is in compliance with all other provisions of this Decree.

**DONE and ORDERED** this September 19, 2013.

_____
MADELINE HUGHES HAIKALA
U.S. MAGISTRATE JUDGE

# ATTACHMENT  A
# Consent Decree
# EEOC v. WilcoHess, LLC

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# EMPLOYEE NOTICE

1. This Notice is posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission and WilcoHess, LLC.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability.  Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq., as amended, ("Title VII"), prohibits discrimination against employees and applicants for employment based upon sex. Sex discrimination under Title VII includes sexual harassment.  Title VII also prohibits employers from treating women differently from other temporarily sick, injured or disabled employees because of the woman's pregnancy, childbirth or related medical conditions.

4. WilcoHess, LLC will comply with such federal laws in all respects. Furthermore, WilcoHess will not take any actions or retaliate against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace.  An employee may contact their local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination.  To locate the nearest field office, contact:

> Equal Employment Opportunity Commission
> 131 M Street NE
> Washington, DC  20507
> TEL: 1-800-669-4000
> TTY: 1-800-669-6820

This Notice will remain posted for at least four (4) years by agreement with the U.S. Equal Employment Opportunity Commission.  DO NOT REMOVE THIS NOTICE UNTIL: ____ 2017